## IN THE UNITED STATES DISTRICT COURT
## FOR DISTRICT OF NEW JERSEY

CARON COLADONATO,
Individually And On Behalf Of
All Others Similarly Situated,

              Plaintiff,

v.

THE GAP, INC.; GAP (APPAREL) LLC; GAP
INTERNATIONAL SALES, INC.; BANANA
REPUBLIC, LLC; AND BANANA REPUBLIC
(APPAREL) LLC,

              Defendants.

**CIVIL ACTION NO. _____**

**NOTICE OF REMOVAL**

*Document Electronically Filed*

**TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**PLEASE TAKE NOTICE** that Defendants The Gap, Inc.; GAP (Apparel) LLC; GAP

International Sales, Inc.; Banana Republic, LLC; and Banana Republic (Apparel) LLC

(collectively "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP,

hereby remove this matter to this Court from the Superior Court of New Jersey, Law Division,

Civil Part, Camden County pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§

1332, 1441 and 1446.  In support of removal, Defendants aver as follows:

       1.      Pursuant to Rule 10.1(a) of the Local Civil Rules, the addresses of the named

parties are as follows:

- Plaintiff Caron Coladonato stated in her Complaint that she is a resident of the
  State of New Jersey.  Plaintiff is represented by Stephen P. DeNittis, Esq. of
  the law firm DeNittis Osefchen Prince, P.C., located at 5 Greentree Centre,
  525 Route 73 North, Suite 410, Marlton, New Jersey 08053.

- Defendants The Gap, Inc.; Gap (Apparel) LLC; Gap International Sales, Inc.; Banana Republic, LLC; and Banana Republic (Apparel) LLC have their principal place of business at 2 Folsom Street, San Francisco, California 94105.  Defendants are represented by the undersigned attorneys at Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, Pennsylvania 19103.

2.     Plaintiff Caron Coladonato ("Plaintiff") initiated this action in the Superior Court of New Jersey, Law Division, Civil Part, Camden County on October 9, 2017.  A copy of Plaintiff's Complaint is attached as Exhibit 1.

3.     Defendants were served with Plaintiff's Complaint on October 25, 2017. Plaintiff's Complaint is the only process, pleading, or order served on Defendants.  *Cf.* 28 U.S.C. § 1446(a).

4.     Because this Notice of Removal is filed within thirty (30) days after Plaintiff served her Complaint upon Defendants, it is timely under 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C).

5.     Plaintiff alleges that she purchased goods on numerous occasions from Defendants' Gap Factory and Banana Republic Factory stores in New Jersey. *See* Compl. at ¶ 13.

6.     Plaintiff's Complaint contends that Defendants violated New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.* (the "NJCFA"), by allegedly advertising arbitrary and false base prices for items in stores, advertising items for sale at percentages that misrepresented the actual discounts received, and charging full price on items advertised at discounted rates.  *See* Compl. at ¶ 127.

7.    Plaintiff's Complaint defines "the class" to include herself as well as a putative class consisting of "all New Jersey citizens who purchased any purportedly discounted item from a Gap Factory or Banana Republic Factory store in New Jersey between October 9, 2011 and the present." Compl. at ¶ 87.

8.    Plaintiff alleges that this putative class "is composed of at least 1,000 persons." Compl. at ¶ 91.

9.    Accordingly, this is a "class action" as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453.[1]

10.   Mindful of the time limitations on removal imposed by 28 U.S.C. § 1446(b), and in light of the state-wide scope of the putative class included in Plaintiff's Complaint, Defendants hereby remove this action on the ground that this action satisfies the test for CAFA removal.

## DIVERSITY OF CITIZENSHIP EXISTS

11.   District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453, where, *inter alia*, "any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" *See* 28 U.S.C. § 1332(d)(2)(A).

12.   Plaintiff alleges that she is a resident of New Jersey. *See* Compl. at ¶ 13. On information and belief, Defendants aver that Plaintiff is a citizen of New Jersey. Moreover, Plaintiff defines the class to include persons who purchased any purportedly discounted item from Gap factory or Banana Republic factory stores in New Jersey. *See, supra,* Notice of Removal at ¶ 6.

---

[1] Defendants do not agree that Plaintiff's claims are subject to class treatment in any form and reserve the right to make all available arguments in that regard, if necessary, at the appropriate time.

13.     Pursuant to 28 U.S.C. § 1332(c), a corporation is "a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Defendant The Gap, Inc. is incorporated in Delaware and has its principal place of business in California, making it a citizen of California.  Defendant Gap (Apparel) LLC is a for-profit limited liability company formed and existing under the laws of California with its principal place of business in California, making it a citizen of California.  Defendant Gap International Sales, Inc. is incorporated in Delaware with its principal place of business in California, making it a citizen of California.  Defendant Banana Republic, LLC is a for-profit limited liability company formed and existing under the laws of Delaware with its principal place of business in California, making it a citizen of California.  As a result, at least one member of the putative class Plaintiff seeks to represent is a citizen of a different State than Defendants.  *See* 28 U.S.C. § 1332(d)(2)(4).

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

14.     District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453, where, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  *See* 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied.  *See* 28 U.S.C. § 1332(d)(6).

15.     Plaintiff's Complaint seeks declaratory relief whereby the court adjudges Defendants' past conduct to be in violation of federal and state pricing regulations.  *See* Compl. at ¶¶ 31-32.  Specifically, Plaintiff alleges that Defendants advertised false price comparisons in connection with sales of their merchandise in their New Jersey retail locations. Plaintiff's

Complaint also seeks injunctive relief "enjoining Defendants from continuing these complained-of practices in their Gap Factory and Banana Republic Factory stores in New Jersey." Compl. at ¶ 112.

16.     In an action seeking declaratory or injunctive relief, the amount in controversy for jurisdictional purposes is measured by the value of the object of the litigation. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347 (1997). For actions seeking declaratory relief, the amount in controversy is the value of the right to be declared. *See Auto-Owners Insurance Company v. Stevens & Ricci Inc.*, 835 F.3d 388, 398 (3rd Cir. 2016). For actions seeking injunctive relief, the amount in controversy is determined by the pecuniary result that the judgment would directly produce, particularly from the plaintiff's viewpoint. *See Hunter v. Greenwood Trust Co.*, 856 F. Supp. 207, 219 (D.N.J. 1992); *Weinberg v. Sprint Corp.*, 165 F.R.D. 431, 443 (D.N.J. 1996). Accordingly, the value to plaintiffs to conduct their business or personal affairs free from the activity sought to be enjoined is the yardstick for measuring the amount in controversy in an injunction case. *Id.*

17.     Here, the declaration sought by Plaintiff would determine whether Defendants unlawfully obtained millions of dollars in revenue from citizens of New Jersey who purchased items from Gap factory stores and Banana Republic factory stores during the class period.[2]

18.     Although Plaintiff does not request damages, under remedies purportedly available under N.J.S.A. 56:8-2.12, Plaintiff and putative class members, through a private action, may recover refunds of all money acquired by Defendants by means of any practice

---

[2] In *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014), a class action defendant successfully established the threshold amount in controversy by showing that a declaration sought by the plaintiff would determine whether the defendant made insufficient payments on more than $1.6 million bills for payment or reimbursement with the amount of insufficiency exceeding $68 million.

declared to be in violation of the statute.  *See* N.J.S.A. 56:8-2.11 – 8-2.12; *see also* Compl. at ¶ 115.  Accordingly, if Plaintiff is successful and obtains an order adjudging the alleged conduct to have been unlawful, Defendants' customers could seek to recover all of the money acquired by Defendants during the class period.  Plaintiff also seeks "reasonable attorney's fees and court costs" and an injunction "prohibiting the complained-of conduct by Defendants in the future." Compl. at ¶ 32.

19.     Based on the allegations in the Complaint, the amount in controversy requirement is satisfied.  Plaintiff alleges that the class includes every citizen who purchased any purportedly "discounted item" from at least nine Gap Factory stores and six Banana Republic Factory stores in New Jersey from October 9, 2011 until the present.  *See* Compl. at ¶¶ 20, 87.  Plaintiff further alleges that purchases would not have been made absent the allegedly unlawful advertising scheme.  *See* Compl. at ¶¶ 72, 148.  Thousands of Gap factory and Banana Republic factory "discounted items" implicated by the allegations have been sold in New Jersey since October 9, 2011.  If, as Plaintiff alleges, she is able to prove that Defendants' conduct violated the NJCFA and these purchases would not have otherwise been made, Defendants face the risk of claims for refunds of the total purchase price for each discounted item sold in New Jersey during the six-year period.[3]  The amount in controversy for these violations, if Plaintiff obtains the requested declaratory judgment, would be in excess of $ 10 million, based on the volume of sales in Gap factory stores and Banana Republic factory stores in New Jersey since October 9, 2011 .

---

[3] Defendants do not agree that Plaintiff or putative class members have been damaged or suffered any "ascertainable loss" under the NJCFA, and reserve the right to make all available arguments in that regard, if necessary, at the appropriate time.

20.   Plaintiff's claims for attorney's fees and injunctive relief, including the cost of implementing the requested relief, only further confirm that the amount in controversy requirement is met.

21.   Accordingly, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).[4]  This analysis satisfies the requirement that Defendants include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in this Notice, without the need to include evidentiary submissions at this stage.  *Dart Cherokee Basin Operating Co. v. Owens*, --- U.S. ---, 135 S.Ct. 547, 554, 190 L.Ed.2d 495 (2014); *see also Grace v. T.G.I. Fridays, Inc.*, 14-7233, 2015 WL 4523639, at *3 (D.N.J. July 27, 2015) (discussing *Dart*).

## VENUE

22.   Venue is proper in this district pursuant to 28 U.S.C. § 1441 (a).

## NOTICE

23.   Defendants will promptly serve Plaintiff with this Notice of Removal and file a copy of this Notice of Removal with the clerk of the Superior Court of New Jersey, Law Division, Civil Part, Camden County pursuant to 28 U.S.C. § 1446(d).

## CONCLUSION

WHEREFORE, Defendants respectfully remove this matter to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

---

[4]   CAFA's "local controversy" and "home state" exceptions both apply only where the defendant is a citizen of the State in which the action was originally filed.  *See* 28 U.S.C. § 1332(d)(4)(A)(cc) (requiring that "at least one defendant . . . is a citizen of the State in which the action was originally filed"); *id.* at § 1332(d)(4)(B) (requiring, *inter alia*, that "primary defendants[] are citizens of the State in which the action was originally filed").  Defendants demonstrated above that they are not citizens of New Jersey and, therefore, neither exception applies.

Dated: November 22, 2017

MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)

/s/ Kristin M. Hadgis
Kristin M. Hadgis
kristin.hadgis@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000

Attorneys for Defendants
THE GAP, INC.; GAP (APPAREL) LLC;
GAP INTERNATIONAL SALES, INC.;
BANANA REPUBLIC, LLC; and BANANA
REPUBLIC (APPAREL) LLC

DB2/ 32286416.3

## <u>CERTIFICATION</u>

Pursuant to Local Civil Rule 11.2, the undersigned hereby certifies that, to the best of her

knowledge, the matters raised herein are subject to the following lawsuits:

*Munning v. The Gap, Inc., et al.*, 4:16-cv-03804 and *Pallagrosi v. The Gap, Inc., et al.*,

3:17-cv-05905, both pending before Judge Haywood S. Gilliam, Jr. in the District Court of the

United States, Northern District of California.


Dated:  November 22, 2017                   MORGAN, LEWIS & BOCKIUS LLP
(A Pennsylvania Limited Liability Partnership)


/s/ Kristin M. Hadgis
Kristin M. Hadgis
kristin.hadgis@morganlewis.com
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963-5000

Attorneys for Defendants
THE GAP, INC.; GAP (APPAREL) LLC;
GAP INTERNATIONAL SALES, INC.;
BANANA REPUBLIC, LLC; and BANANA
REPUBLIC (APPAREL) LLC

## CERTIFICATE OF SERVICE

I, Kristin M. Hadgis, hereby certify that I caused to be served a true and correct copy of

the foregoing Notice of Removal with attached exhibits and Local Rule 11.2 Certification this

22nd day of November, 2017, as follows:

**Via ECF and Electronic Mail:**
Stephen P. DeNittis
DeNittis Osefchen Prince, P.C.
5 Greentree Centre
525 Route 73 North, Suite 410
Marlton, New Jersey 08053
Telephone:  (856) 797-9951
Email:  sdenittis@denittislaw.com

*Attorneys for Plaintiff*


/s/ Kristin M. Hadgis
Kristin M. Hadgis

DB2/ 32286416.3