UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARON COLADONATO, Individually and on behalf of All Others Similarly Situated, | : : : | Hon. Joseph H. Rodriguez Civil Action No. 17-11998 |
| Plaintiff, | : | MEMORANDUM OPINION & ORDER |
| v. | : | |
| THE GAP, INC., et al., | : | |
| Defendants. | : | |

This mater is before the Court on Plaintiff's motion to remand. The Court has reviewed the submissions of the parties and decides this matter pursuant to Fed. R. Civ. P. 78(b). For the reasons expressed here, Plaintiff's motion will be denied.

## Background

This purported class action was filed in the Superior Court of New Jersey, Law Division, Camden County, seeking injunctive relief against Defendants The Gap, Inc.; GAP (Apparel) LLC; GAP International Sales, Inc.; Banana Republic, LLC; and Banana Republic (Apparel) LLC. Plaintiff alleges that she purchased goods on numerous occasions from Defendants' Gap Factory and Banana Republic Factory stores in New Jersey and contends that Defendants violated New Jersey's Consumer Fraud Act, N.J.

Stat. Ann. § 56:8-1 (the "NJCFA") by allegedly advertising arbitrary and false base prices for items in New Jersey stores, advertising items for sale at percentages that misrepresented the actual discounts received, and charging full price on items advertised at discounted rates. Plaintiff seeks declaratory relief whereby the court adjudges Defendants' past conduct to be in violation of federal and state pricing regulations and injunctive relief "enjoining Defendants from continuing these complained of practices in their Gap Factory and Banana Republic Factory stores in New Jersey." Compl. at ¶ 112.

Plaintiff's Complaint defines "the class" to include herself as well as a putative class consisting of "all New Jersey citizens who purchased any purportedly discounted item from a Gap Factory or Banana Republic Factory store in New Jersey between October 9, 2011 and the present." She also alleges that this putative class "is composed of at least 1,000 persons." Defendants timely removed the matter to this Court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332, 1441 and 1446.[1]

---

[1] District courts have subject matter jurisdiction over a "class action," as defined in 28 U.S.C. §§ 1332(d)(1)(B) and 1453, where, *inter alia*, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(2). Pursuant to 28 U.S.C. § 1332(d)(6), the claims of each putative class member can be aggregated to determine whether the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(d)(6).

## Motion to Remand

Under 28 U.S.C. § 1446(a), a defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal "containing a short and plain statement of the grounds for removal." "When a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 553 (2014). Evidence establishing the amount is only required by § 1446(c)(2)(B) when the plaintiff contests, or the court questions, the defendant's allegation. Id. If the plaintiff contests the defendant's allegation, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." Id. at 553-54.

Here, Plaintiff's complaint specifically states that the total amount in controversy for its claims, including attorney's fees, is less than $5 million. It is a plaintiff's right to limit the value of its claim to prevent its case from being removed from its choice of forum, see Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007) (explaining that it is "well-established" that "the plaintiff is the master of her own claim and thus may limit his claims to avoid federal subject matter jurisdiction"), but federal court is a forum

available to a defendant despite a plaintiff's choice, as long as the defendant has provided in its notice of removal a "short and plain statement" that the jurisdictional requirements of CAFA are met, and if challenged by the plaintiff, has demonstrated that the CAFA requirements are met by the preponderance of the evidence. See Owens, 135 S. Ct. at 554 ("[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.").

Discussion

In the Notice of Removal, Defendants provided the following statements of the grounds for removal to demonstrate that the jurisdictional requirements of CAFA are met:

> 17. Here, the declaration sought by plaintiff would determine whether Defendants unlawfully obtained millions of dollars in revenue from citizens of New Jersey who purchased items from Gap factory stores and Banana Republic factory stores during the class period.
>
> 18. Although Plaintiff does not request damages, under remedies purportedly available under N.J.S.A. 56:8-2.12, Plaintiff and putative class members, through a private action, may recover refunds of all money acquired by Defendants by means of any practice declared to be in violation of the statute. *See* N.J.S.A. 56:8-2.11 – 8-2.12; *see also* Compl. at ¶ 115. Accordingly, if Plaintiff is successful and obtains an order adjudging the alleged conduct to have been unlawful, Defendants' customers could seek to recover all of the money acquired by Defendants during the class period. Plaintiff also seeks "reasonable attorney's fees and court costs" and an

injunction "prohibiting the complained-of conduct by Defendants in the future." Compl. at ¶ 32.

19. Based on the allegations in the Complaint, the amount in controversy requirement is satisfied. Plaintiff alleges that the class includes every citizen who purchased any purportedly "discounted item" from at least nine Gap Factory stores and six Banana Republic Factory stores in New Jersey from October 9, 2011 until the present. *See* Compl. at ¶¶ 20, 87. Plaintiff further alleges that purchases would not have been made absent the allegedly unlawful advertising scheme. *See* Compl. at ¶¶ 72, 148. Thousands of Gap factory and Banana Republic factory "discounted items" implicated by the allegations have been sold in New Jersey since October 9, 2011. If, as Plaintiff alleges, she is able to prove that Defendants' conduct violated the NJCFA and these purchases would not have otherwise been made, Defendants face the risk of claims for refunds of the total purchase price for each discounted item sold in New Jersey during the six year period. The amount in controversy for these violations, if Plaintiff obtains the requested declaratory judgment, would be in excess of $ 10 million, based on the volume of sales in Gap factory stores and Banana Republic factory stores in New Jersey since October 9, 2011.

Nonetheless, Plaintiff has moved for remand, arguing that Defendants have not shown, by a preponderance of the evidence, that CAFA's amount in controversy is met by this case. She argues that the Complaint does not seek money damages or any relief to remedy past misconduct, including refunds; rather, declaratory and injunctive relief are sought prospectively only.

"Although declaratory judgment actions do not directly involve the award of monetary damages, 'it is well established that the amount in

controversy [in such actions] is measured by the value of the object of the litigation.'" Auto–Owners Ins. Co. v. Stevens & Ricci Inc., 835 F.3d 388, 397–98 (3d Cir. 2016) (quoting Hunt v. Wash. State Apple Advert. Comm'n, 432 U.S. 333, 347 (1977)). See also 14AA Charles Alan Wright et al., Federal Practice & Procedure § 3708 (4th ed. 2016) ("With regard to actions seeking declaratory relief, the amount in controversy is the value of the right or the viability of the legal claim to be declared, ….").

To demonstrate that the amount in controversy exceeds $5 million, Defendants have submitted a sworn statement from a Senior Director indicating that as of the end of 2017, the Banana Republic Factory Stores located in New Jersey had sales over $20 million since October 2011, the proposed starting date for the putative class. (Gerstein Decl. at ¶ 3, 5.) Based on the volume of sales during the proposed class period and Plaintiff's allegation that she suffered damages in the amount of her purchase price, Defendants arrive at an amount in controversy exceeding $20 million. (Id.)

While Plaintiff argues that this amount is speculative, she has put forth no proof of the amount in controversy to counter Defendants' valuation of her claim. As such, the court finds, by a preponderance of the evidence, that the amount-in-controversy requirement has been satisfied.

## Conclusion

Accordingly,

IT IS ORDERED this 26th day of September, 2018 that Plaintiff's motion to remand this matter is hereby <u>DENIED</u>.

<u>/s/ Joseph H. Rodriguez</u><br>
JOSEPH H. RODRIGUEZ<br>
U.S.D.J.